UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

THOMAS JEWELL CARR,                                                                   Plaintiff,

v.                                                                  Civil Action No. 3:16-cv-P747-DJH

LOUISVILLE METRO DEP'T OF CORR.
STAFF *et al.*,                                                                        Defendants.

\* \* \* \* \*

## MEMORANDUM OPINION

This is a *pro se* civil rights action brought by a pretrial detainee pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff Thomas Jewell Carr leave to proceed *in forma pauperis*. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 594 U.S. 199 (2007). For the reasons set forth below, the action will be dismissed.

### I. SUMMARY OF COMPLAINT

Plaintiff brings this action against Defendants "Louisville Metro Department of Corrections Staff, Lt's, Sgt's, C.O.'s" in their official capacities and an unnamed officer in his individual capacity. He also names the City of Louisville and the State of Kentucky as Defendants.

Plaintiff is a pretrial detainee incarcerated at the Louisville Metro Department of Corrections (LMDC). Plaintiff states that on September 25, 2016, another inmate at LMDC covered the "dayroom" windows and cameras with toilet paper and newspaper, trashed the dayroom, and "flooded the walk with water . . . so that the S.O.R.T-Team standing outside the door could not enter [the room] with an electric shield." Plaintiff states that this inmate told the "S.O.R.T-Team" and other LMDC employees outside the door that "when he finished covering

the window's, he was gonna start 'torturing' all the inmates inside the dorm with him!" Plaintiff states that, at some point, the inmate asked an officer in the "control-booth" to open his "cell-door," and that his officer did so, even though the officer was not the "negotiating officer" and did not have the authority to open the door. Plaintiff states that when the officer opened this cell door, he was assaulted by the inmate and suffered "minor injuries to (right-side & back) from being punched and kicked" by the inmate.

Plaintiff claims that opening the cell door during a "high-risk/life-threatening situation" endangered his life. He states that this was due to "(mistake they say) made by a professional who play a VERY IMPORTANT role in the security of my life while I am in state custody." Plaintiff then writes: "If I was sleep & inmate had a knife when Officer unlocked my door, my life could be gone and my family would have to hear about a (mistake) made by an Officer that caused me my life!" Plaintiff then writes "Poor Training . . . Door should NOT have been unlocked in the situation . . . How would you feel?"

As relief, Plaintiff seeks compensatory damages, punitive damages, and injunctive relief in the form of release from detention.

## II. LEGAL STANDARD

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A. Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d at 604. In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter,

accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, while liberal, this standard of review does require more than the bare assertion of legal conclusions. *See Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995). The Court's duty "does not require [it] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. ANALYSIS

Section 1983 creates no substantive rights but merely provides remedies for deprivations of rights established elsewhere. *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). "A plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person

acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a § 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

Plaintiff's claim seems to be based upon a theory of "failure to protect." Essentially, Plaintiff claims that if the unknown officer had not opened the door in the circumstances described by Plaintiff, Plaintiff would never have been kicked or punched by the other inmate.

A pretrial detainee's Fourteenth Amendment due process claim for failure to protect is analyzed using the same standard as the Eighth Amendment. *See Roberts v. City of Troy*, 773 F.2d 720, 723 (6th Cir. 1985). In the prison context, the Eighth Amendment imposes a duty on prison officials to take reasonable measures to guarantee the safety of inmates. *See Farmer v. Brennan*, 511 U.S. 825, 847 (1994). "Deliberate indifference of a constitutional magnitude may occur when prison guards fail to protect one inmate from an attack by another." *Walker v. Norris*, 917 F.2d 1449, 1453 (6th Cir. 1990). However, in order to support an action under § 1983, a plaintiff must establish something more than a lack of ordinary due care, inadvertence, or error. *See Whitley v. Albers*, 475 U.S. 312, 319 (1986). In addition, an Eighth Amendment claim for monetary damages also requires an inmate to plead and prove that he suffered some non-*de minimis* physical injury. *Wilson v. Yaklich*, 148 F.3d 596, 600-01 (6th Cir. 1998).

Here, Plaintiff himself states that he only had "minor injuries" to his right side and back as a result of his encounter with the other inmate. Thus, Plaintiff has failed to state a claim upon which relief may be granted because he has not alleged that he suffered more than *de minimis* injuries. S*ee, e.g., White v. Williams*, No. 9:12-CV-1775 (NAM/DJS), 2016 U.S. Dist. LEXIS 81972, at *41-42 (N.D.N.Y. June 22, 2016) (holding three abrasions, facial swelling, and jaw pain were *de minimis* injuries and failed to support a failure to protect claim); *Chavero-Linares v. Smith*, No. 12-CV-42-LRR, 2013 U.S. Dist. LEXIS 148123, at *26-30 (N.D. Iowa Oct. 15, 2013)

4

(holding that a scratch or cut on the cheek that requires only one pain pill for treatment is a *de minimis* injury and, thus, insufficient to support a failure to protect claim); *Williams v. Smith*, No. 4:10-CV-04085, 2012 U.S. Dist. LEXIS 125038, at *29-31 (W.D. Ark. Aug. 14, 2012) (holding that dizziness, headache, and scars from a "sucker punch" were only *de minimis* injuries and did not support a failure to protect claim).

The Court also notes that Plaintiff seeks "release from illegal detention." Where, as here, "a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus."[1] *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Thus, because Plaintiff is seeking immediate release from detention, his 42 U.S.C. § 1983 claim for injunctive relief cannot lie.

## IV. CONCLUSION

For the foregoing reasons, this action will be dismissed by separate Order.

Date: February 20, 2017

**David J. Hale, Judge**
**United States District Court**

cc: Plaintiff, *pro se*
Defendants
Jefferson County Attorney
4415.011

---

[1] A habeas action under 28 U.S.C. § 2241 applies pre-judgment, while a habeas action under 28 U.S.C. § 2254 applies post-judgment. *See Klein v. Leis*, 548 F.3d 425, 431 n.4 (6th Cir. 2008) ("Because § 2254 applies to those held 'pursuant to the judgment of a State court . . .' 28 U.S.C. § 2254(b)(1), a pretrial detainee ordinarily pursues habeas relief under § 2241.").

5